# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MARIE THOMAS, | 1: 05 CV 01398 LJO WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ON HABEAS CORPUS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

Following a jury trial in Fresno County Superior Court, Petitioner was convicted of one count of resisting an executive officer, two counts of assault on a public officer and one count of riot. The trial court sentenced her to prison for a term of two years. Petitioner filed a direct appeal and on August 25, 2004, the Court of Appeal, Fifth Appellate District ("Court of Appeal") affirmed her conviction and sentence.

On September 28, 2004, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal. The petition was denied on October 1, 2004, without prejudice to Petitioner seeking relief in Superior Court.

On January 3, 2005, Petitioner filed a petition for writ of habeas corpus with the Superior Court. The court denied the petition on February 1, 2005.

On August 22, 2005, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on November 2, 2005.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

EXHAUSTION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

When, as here, the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

**DISCUSSION**

Ineffective Assistance of Counsel

Petitioner contends that she was denied effective assistance of counsel by trial counsel's failure to investigate and present evidence "that Fresno police officers involved in this case routinely harass African-American people in [P]etitioner's neighborhood and use excessive force." This claim was first presented to the Court of Appeal on habeas corpus and was denied without prejudice to Petitioner's right to present the claim first to Superior Court. Petitioner then presented the claim to

1 the Superior Court, where it was denied on the merits in a lengthy order. The claim was finally
2 presented to the California Supreme Court and denied without comment.

3     Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which
4 exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S.
5 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the
6 two-part test advanced by the Strickland court. First, a petitioner must show that counsel "made
7 errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the
8 Sixth Amendment. Second, a petitioner must show that the deficient performance prejudiced the
9 defense. Id. at 687. This two-part standard also applies to challenges to guilty pleas based in
10 ineffective assistance of counsel. In the context of a guilty plea, a petitioner must show that (1) his
11 counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability
12 that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to
13 trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985).

14     In this case, Petitioner contends specifically that trial counsel was ineffective for failing to
15 file a Pitchess motion seeking information on specified police officers in order to impeach their
16 credibility. See Pitchess v. Superior Court, 11 Cal.3d 531 (1974). In rejecting the claim on the
17 merits, the Superior Court held in part as follows:

> It is undisputed that no *Pitchess* motion was filed in the underlying case. The Public Defender's officer [sic] has reported that the assigned attorneys considered filing such a motion, but elected not to do so. (see Petition, Exh. 6). Attorney Donna Miller allegedly elected not to file such a motion because petitioner's lack of cooperation caused her to conclude that it would not be possible to prepare a timely and credible motion prior to the preliminary examination. (*ibid.*) Attorney Jon Range elected not to file such a motion based on the lack of any "already-known impeachment information" on the officers and based on the defense emphasis on having the charges reduced (*ibid.*) Counsel was also faced with a defendant who ignored the "strong advice" of her trial attorney (*ibid.*) In short, defense counsel concluded that a viable motion could not be made in good faith based on the petitioner's conduct and the evidence known to them at the time.
>
> . . . .
> The purpose of a *Pitchess* motion is to allow a criminal defendant to discover evidence in the arresting officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge. [Citations omitted.]
>
> *Pitchess* motions are not uncommon where, as here, the charges involve a physical altercation between the petitioner and the arresting officers, and when the petitioner claims to have been acting in self-defense in response to an excessive use of force. [Citations omitted.] Typically, such motions are brought when there are no independent witnesses to the alleged

crime, it is the defendant's word against that of the officer(s), and personnel records are needed to undermine the credibility of the only witnesses against the defendant.

However, where there are independent witnesses to the alleged crime, any materiality of personnel records related to past conduct is greatly diminished. This is especially true where there are numerous witnesses who can testify about the circumstances of the charged offenses. That is the situation in this case. Not only were there officers present whose credibility is not currently being challenged, but the defense also produced its own witnesses. The abundance of evidence related to the petitioner's conduct and to the officer's conduct on the particular occasion undermines the claim that evidence of past conduct by the named officers would have changed the outcome of this case.

Conclusion

The current evidence does not establish that any prejudicial attorney error occurred. Defense counsel were faced with an uncooperative client, who they knew had prior convictions for crimes of violence and fraud, and who, in this case, was actively involved in resisting the attempts by law enforcement officers to make an overtly valid arrest. The officers whose record petitioner seeks to obtain were not the original officers at the scene, but were two of the supporting officers who had arrived to subdue a mob after an officer had been attacked and seriously injured. There were numerous witnesses to this encounter, and their testimony was presented for the jury's consideration.

Based on the entire record, further consideration of the matter is not warranted. The petition is denied.

Petitioner now makes this claim in her federal habeas corpus petition, simply renewing the same claim without attempting to demonstrate how the Superior Court's resolution of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d) . Petitioner presents nothing to show how counsel's failure to file a <u>Pitchess</u> motion effected the outcome of this case. The court finds therefore, that Petitioner has failed to carry her burden in regard to this claim and that it presents no basis for habeas corpus relief.

<u>Failure to Disclose Exculpatory Evidence</u>

Petitioner next contends that the prosecutor's failure to disclose evidence of other complaints against the officers that could have been used to impeach their testimony deprived her of due process of law. This claim was presented to the Superior Court on habeas corpus, where the petition was denied without specifically addressing this claim. The claim was then presented to the California Supreme Court and denied without comment.

When there is no state court decision articulating a rationale, a reviewing federal court "has no basis other than the record" for determining whether the state court decision merits deference under 28 U.S.C. § 2254(d)(1). Delgado , 223 F.3d at 981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable" standard of *Williams* to the state court decision. This does not mean *de novo* review by the federal court, but rather "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Thomas v. Hubbard, 273 F.3d 1164, 1170 (9th Cir.2001); Bailey, 263 F.3d at 1028; Delgado, 223 F.3d at 982.

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." See also Sprinkler v. Greene, 527 U.S. 263, 280-281 (1999). The Supreme Court has stated that the duty to disclose such evidence is applicable even though there has been no request by the accused. United States v. Agurs, 427 U.S. 97, 107 (1976). The duty to disclose encompasses impeachment evidence as well as exculpatory evidence. United States v. Bagley, 473 U.S. 667, 676 (1985). Such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id., at 682; see also Kyles v. Whitley, 514 U.S. 419, 433-434 (1995). Additionally, "the rule encompasses evidence 'known only to police investigators and not to the prosecutor.'" Sprinkler, 527 U.S. at 280, *quoting* Kyles, 514 U.S. at 438. To constitute a Brady violation, the Supreme Court has set forth a three-part test: 1) "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; 2) "[T]hat evidence must have been suppressed by the State, either willfully or inadvertently"; and 3) "[P]rejudice must have ensued." Sprinkler, 527 U.S. at 218-282. However, a mere conclusory allegation of failure to disclose without evidence of what was undisclosed is insufficient. Jones v. Gomez, 66 F.3d 199, 204- 205 (9th Cir. 1995).

Here, Petitioner does not identify any particular personnel records which might have been exculpatory, but simply argues that, "the judgment should be reversed if any of the officers's personnel files contained evidence of prior complaint of excessive force and/or racial harassment

which the prosecutor was required to disclose even without a specific request." The court finds that this in no way establishes that there was any failure to disclose exculpatory evidence, or that it was material or prejudicial. This court must therefore conclude that Petitioner has failed to establish any basis for habeas corpus relief through this claim.

Based on the above, the court HEREBY RECOMMENDS as follows:

1) that the Clerk of the Court be directed to correct the named respondent in this case to Mr. Wallace, Parole Officer;

2) That this petition for writ of habeas corpus be DENIED;

3) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 15, 2008**          /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE